IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KARIM RAHMAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-20-2490 |
| WARDEN, | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

Self-represented Plaintiff Karim Rahman, an inmate presently incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland, filed this civil action seeking home confinement release. ECF No. 1. Plaintiff states that he suffers from diabetes, sleep apnea, and hypertension, and he believes that his continued confinement at ECI places him at risk for contracting COVID-19, which would "post a threat" to his health. *Id.* On February 5, 2021, the Attorney General of Maryland filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on behalf of the Defendant, then-ECI Warden Walter West. ECF No. 13. Plaintiff filed a response along with exhibits. ECF No. 15.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion shall be granted, and the Complaint will be dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies.

**Background**

Through his initial Complaint filed on August 31, 2020, Plaintiff seeks a medical release from incarceration due to his diabetes, citing the possible harm he would suffer if he were to contract COVID-19 at ECI. ECF No. 1. In a supplement to the Complaint filed on October 5, 2020, Plaintiff asserts that his medical condition has worsened during his incarceration,

presumably due to his health care team's "fail[ure] to provide adequate care" for his diabetes. ECF No. 3 at 2. Plaintiff claims that he has been denied previously promised medical procedures. *Id.* at 2-3. He also states that he filed a grievance as required by the prison's administrative procedures ("ARP"), but the results were unfavorable. *Id.* at 2.

Defendant does not dispute that Plaintiff has diabetes. *See* ECF No. 13-1. Attached to Defendant's Motion is Plaintiff's medical record, which reflects that Plaintiff has received consistent and frequent medical treatment during his incarceration from March 5, 2020 to February 2, 2021. ECF Nos. 13-5 to 13-10. During Plaintiff's most recent medical visit prior to the filing of Defendant's Motion, it was noted that he was evaluated by Dr. Paul Matera on February 2, 2021, in response to Plaintiff's previous request for medical parole. ECF No. 13-10 at 42-43. At that time, Plaintiff stated that he was exercising regularly but admitted that he was not "cooperative with diet." *Id.* Dr. Matera instructed Plaintiff to comply with his dietary plan and directed him to return for another assessment in two weeks. *Id.*

Plaintiff has filed only one ARP since March 5, 2020. ARP Index, ECF No. 13-11 at 6. He complained about a disciplinary hearing finding and the ARP was procedurally dismissed by the ARP coordinator on March 17, 2020. *Id.* at 7-8. Since October 2018, Plaintiff has filed three grievances with the Inmate Grievance Office. Decl. of F. Todd Taylor, ECF No. 13-12. The first, regarding lack of medical treatment for diabetes, was dismissed on February 20, 2019, for lack of jurisdiction. *Id.* The second, involving the lack of a replacement mask for his CPAP machine was dismissed on August 20, 2019, for lack of jurisdiction, and the third, involving exposure to second-hand smoke was dismissed on July 7, 2020, due to Plaintiff's failure to supply requested documentation. *Id.* None of Plaintiff's grievances involved COVID-19. *See id.*

**Standards of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from

3

proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

### Discussion

Defendant raises the affirmative defense that Plaintiff has failed to exhaust his administrative remedies. ECF No. 13-1 at 11-14. If Plaintiff's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.

The Prisoner Litigation Reform Act provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. App'x. 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily

4

resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219.  It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *Chase*, 286 F. Supp. 2d at 530.

Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory.  *Ross v. Blake*, 578 U.S. ____, 136 S.Ct. 1850, 1857 (2016).  Therefore, a court ordinarily may not excuse a failure to exhaust.  *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines."  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials."  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).  Moreover, an inmate need only exhaust "available" remedies.  42 U.S.C. § 1997e(a); *see Ross*, 136 S.Ct. at 1855.  An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it."  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution."  *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; COMAR 12.07.01.01B(1) (defining ARP).  If an ARP is filed and denied, the prisoner may appeal the denial within 30 days

to the Commissioner of Correction.  If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days.  OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B.  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing.  C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B.  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Here, it appears that Plaintiff was aware of the administrative grievance process and the process was available to him.  However, he did not file a grievance regarding the claim that his health is at risk due to COVID-19 and its possible effect on his diabetes.  As discussed above, the PLRA requires that inmates exhaust all available remedies.  Because Plaintiff failed to do so, his Complaint shall be dismissed without prejudice.[1]

### Conclusion

Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted.  The Complaint will be dismissed without prejudice for failing to exhaust administrative remedies.[2]

A separate Order follows.

July 21, 2021                                          /s/
Date                                                   Stephanie A. Gallagher
                                                       United States District Judge

---

[1] In any event, this Court cannot grant Plaintiff the relief he seeks because a prison release order can only be entered by a three-judge panel.  *See* 18 U.S.C.A. § 3626(a)(3)(B) ("In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court . . .").

[2] In light of this ruling, the Court need not address Defendant's remaining arguments alleging Eleventh Amendment immunity, lack of personal participation on the part of Defendant, and Plaintiff's failure to state a claim.